## P. R. STOKES V. THE STATE

No. 20142.   Delivered February 8, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*Kahn & Branch,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for ten years.

The injured party, Reuben McGowen, testified that on the first day of October, 1937, appellant and Clarence Bowers stole $700.00 in money from him. It was appellant's theory, given support in the testimony, that Bowers won McGowen's money in a poker game. H. J. Palen testified that he worked at Bowers'

cafe, and that on the occasion in question he saw McGowen playing poker with Bowers, appellant being present.

It appears from bill of exception No. 4 that Bowers was in court as a witness for appellant. After Palen had testified appellant called Bowers to the witness stand and proceeded to interrogate him. He testified: "My name is Clarence Bowers. I live on Highway 75, on this side of Spring Creek in Montgomery County. I have lived there, going on two years." After the witness made the last statement the district attorney arose, and, in the presence and hearing of the court and jury, said: "I would like at this time, your honor, to say that I am filing a complaint against this man (meaning Bowers) charging him with felony theft. I would like for the court to advise him that the complaint is going to be filed and the matter will be presented to the grand jury, and that he does not have to testify." Counsel for appellant immediately excepted to the remarks of the district attorney, in effect, on the ground that the threat against the witness was prejudicial to the rights of the appellant. At that juncture the court stated to Bowers: "You don't have to testify unless you want to, Mr. Bowers." The court then instructed the jury not to consider the statement of the district attorney. It is shown in the bill that appellant would have proved by Bowers, had he not been interrupted by the district attorney, that McGowen lost his money in a poker game with him (Bowers). Further, it appears from the bill that after the court's warning Bowers left the witness stand and conferred with appellant's counsel. He did not thereafter return to the stand, it being certified in the bill that counsel for appellant could not "in good faith advise said astonished and bewildered Bowers to continue his testimony" after it developed that he was going to be charged with the theft of McGowen's $700.00. Again, it is certified in the bill that the date of the alleged offense was the second of October, 1937; that the incident complained of occurred during the trial on June 9, 1938; that no complaint had been made or indictment returned charging Bowers with the theft of McGowen's money.

We think the bill of exception reflects reversible error. The testimony of Bowers would have been material, and, if believed by the jury, would have exculpated the appellant. If he had proceeded to testify he would have been embarrassed by the anticipated charge of theft, which the jury would likely have considered in passing upon his credibility as a witness. This they would have had no right to do in the absence of a proper charge by complaint or indictment. Again, it is observed that the statement of the district attorney had the effect of

depriving appellant of the testimony of the witness, who could not have been expected to return to the stand on behalf of appellant when he was faced with a belated charge of theft of McGowen's money.

In framing several questions propounded to a witness for appellant, the district attorney implied that appellant had theretofore been arrested and charged with various offenses. Appellant did not testify. Under the circumstances reflected by the record, these questions appear to have been improper. No bill of exception with reference to the matter is brought forward. However, appellant's present counsel, the Honorable E. T. Branch, who was employed after the trial of the case, suggests in his brief that the matter be referred to in order to prevent a repetition of the error upon another trial.

Also appellant's present counsel points out an error in the charge of the court to which no exception was taken at the time of the trial. The court omitted to require the jury to find a fraudulent intent on the part of the appellant to appropriate McGowen's money at the time of the taking.

We are not to be understood as predicating a reversal upon the two matters last discussed, as they are not properly before this court for review.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—By the Honorable District Attorney the State files a motion for rehearing. We have again reviewed the bill of exception upon which reversal was predicated and think proper disposition was made of the case originally.

The motion for rehearing is overruled.